**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| DEBORAH ADUDDELL, DAVID FERGUSON, and ERIC FERGUSON, § § § § **Plaintiffs,** § § vs. § § **FARMERS NEW WORLD LIFE INSURANCE COMPANY and FARM BUREAU LIFE INSURANCE COMPANY,** § § § § § § **Defendants.** § | Civil Action No. 3:17-cv-00280 |

## NOTICE OF REMOVAL

Defendant Farmers New World Life Insurance Company ("FNWL") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, showing the following grounds in support:

### I. PRELIMINARY STATEMENT

1. Plaintiffs Deborah Aduddell, David Ferguson, and Eric Ferguson ("Plaintiffs"), Texas citizens, have sued FNWL, a Washington citizen, seeking to recover life insurance policy proceeds in the amount of $150,000, an additional $450,000 in statutory and/or punitive damages, and court costs, expenses, attorneys' fees, and pre- and post-judgment interest. Plaintiffs assert causes of action against FNWL for (i) unfair and deceptive acts or practices; (ii) unfair claim settlement practices; (iii) breach of contract; and (iv) fraud. FNWL denies liability and is removing this case based upon this Court's jurisdiction over matters in which the amount in controversy exceeds $75,000 and diversity of citizenship exists between the parties.

## II.  BASIS FOR REMOVAL

2.  This Notice of Removal is being filed based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

### A.  Citizenship of Parties

3.  FNWL is a Defendant in a civil action styled *Deborah Aduddell, David Ferguson, and Eric Ferguson v. Farmers New World Life Insurance Co. and Farm Bureau Life Insurance Company*, Cause No. CV-0079432, originally filed and currently pending in the County Court at Law No. 2 of Galveston County, Texas (the "State Court Action").

4.  At all relevant times, Plaintiffs are and were individuals and residents of Texas. *See* **Exhibit A-1**, Plaintiffs' Original Petition, at Section III ("All Plaintiffs are residents of Texas and were residents of Texas during all times relevant to this lawsuit.")  Plaintiffs are, therefore, citizens of Texas.

5.  At all relevant times, FNWL is and was a corporation incorporated under the laws of the state of Washington with its principal place of business in the state of Washington. *See* **Exhibit B**, Declaration of Michael Hoetzel, ¶ 2.  FNWL is therefore a citizen only of Washington.

6.  Farm Bureau is and was, according to Plaintiffs' allegations, "a *foreign* for-profit corporation *headquartered in Iowa*…." *See* **Exhibit A-1**, Plaintiffs' Original Petition at Section III (emphasis added); *also see* **Exhibit C**, Affidavit of David McNeill (indicating Farm Bureau is an Iowa corporation with its principal place of business in Iowa).[1]  Farm Bureau is therefore a citizen only of Iowa.[2]

---

[1]  This Affidavit is publicly available from Pacer, as it was attached as Exhibit 10 to a Notice of Removal filed by Farm Bureau in a case styled *Davenport v. Farm Bureau Life Ins. Co.*, Case No. 15-cv-393-JED-FHM, in the United States District Court for the Northern District of Oklahoma.

[2]  Additionally, as explained below, Farm Bureau was not properly joined such that this Court need not consider its citizenship as part of its jurisdictional analysis.

B.     **Amount in Controversy**

7.     The amount in controversy, exclusive of any interest and costs, exceeds $75,000. *See* **Exhibit A-1**, Plaintiffs' Original Petition, at Section II (indicating Plaintiffs seek "monetary relief of $150,000 in damages of any kind" as well as "$450,000 in statutory and/or punitive damages, court costs, attorneys [sic] fees, pre- and post-judgment interest"); *id*. at Section VIII (seeking, as damages, "the policy amount of $150,000" and "[i]n addition…punitive damages in the amount of three times the actual damages, or an additional $450,000").

8.     Because the parties are citizens of different states and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction and the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441(b).

C.     **Timeliness of, and Venue for, Removal**

9.     FNWL was served with process on August 18, 2017. *See* **Exhibit A-4**, Return of Service. Thus, this Notice of Removal is being made within thirty days of service of process and is timely pursuant to 28 U.S.C. § 1446(b).[3]

10.    Venue is proper in this Court under 28 U.S.C. § 1446(a) because this District embraces Galveston County, which is the place where the State Court Action was pending.

D.     **Consent**

11.    28 U.S.C. § 1446 has been interpreted to require the consent of all *properly joined* Defendants that have been served at the time of removal. *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (recognizing rule that "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined") (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

---

[3] Defendant Farm Bureau was served on the same day. *See* **Exhibit A-3**, Return of Service for Farm Bureau (reflecting service by certified mail delivered on August 18, 2017).

12. Farm Bureau is not properly joined as a Defendant, a fact which Plaintiffs have apparently already conceded.  See **Exhibit D**, Sept. 8, 2017 communication from Farm Bureau's Vice President Assistant General Counsel – Litigation (reflecting Farm Bureau was erroneously named as a defendant and, in light of that fact, Plaintiffs had agreed to dismiss it from the suit).

13. Plaintiffs have not pled any basis for disregarding the legal separateness of two distinct entities even if it were true (which it is not) that one was a wholly-owned subsidiary of the other.  See **Exhibit A-1**, Plaintiffs' Original Petition, at Section III (alleging FNWL is a "wholly owned subsidiary" of Farm Bureau).  Plaintiffs' only other allegations referencing Farm Bureau are that FNWL is "marketed by [Farm Bureau's] sales force, and is included as part of Farm Bureau's website."  See id., at Section V.  Plaintiffs' claims, however, do not stem from the alleged marketing or sale of an insurance product.  As such, even if the allegations about Farm Bureau's sales force and website were true, they do not state a cause of action against Farm Bureau such that it remains an improperly joined defendant.

14. Plaintiffs' description of their own causes of action, within their Petition, further confirms that Farm Bureau is not properly joined.  See id., at  Section VII.A (alleging unfair and deceptive acts or practices under Chapter 541 of the Texas Insurance Code "by Farmers" with no reference to Farm Bureau); id. at Section VII.B (referencing only "Farmers New World" and "Farmers," with no reference to Farm Bureau, in connection with claim for unfair claims settlement practices under Chapter 542 of the Texas Insurance Code); id. at Section VII.C (referencing only "Farmers," with no reference to Farm Bureau, in connection with contract claim); id. at Section VII.D (with no reference to either Defendant by name and only a general reference to "Defendants and/or its agents" in connection with fraud claim).[4]

---

[4] "Allegations merely asserted against 'Defendants' without alleging what facts are attributed to [the improperly-joined defendant] individually as opposed to the [removing defendant], do not provide a reasonable basis for

4

15. As a result, this Court may properly conclude that Farm Bureau was not a properly joined Defendant such that its consent is not required.

### III.  DESCRIPTION OF REQUIRED ATTACHMENTS

16. Pursuant to 28 U.S.C. § 1446(a) and this Court's practice under 28 U.S.C. § 1447(b), attached hereto as **Exhibit A** is a screenshot of the State Court Action's on-line "Images" page (evidencing the State Court Action's docket consists of nineteen pages of images), along with **Exhibits A-1 through A-5** (totaling nineteen pages), which are certified copies of all of the process, pleadings, returns, and orders served upon Defendant FNWL and/or on file in the State Court Action.

17. A copy of this Notice of Removal is being filed with the Clerk of the County Court at Law No. 2 of Galveston County, Texas and is being served upon Plaintiffs' counsel of record as specified in the attached **Exhibit E**.

### IV.  PRAYER

WHEREFORE, Defendant Farmers New World Life Insurance Company removes this case to federal court based upon diversity of citizenship of the parties, and requests that this Court proceed with this action as if it had been originally commenced in this Court, make all orders necessary and appropriate to effectuate this removal, and further prays for such other or further relief to which it may show itself justly entitled.

---

recovering from the [improperly joined defendant]." *TAJ Properties, LLC v. Zurich Amer. Ins. Co.*, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) (not reported) (holding petition did not provide a reasonable basis for recovery against the insurance agent and dismissing him as improperly joined).

Dated:  September 14, 2017

>Respectfully submitted,
>
>JACKSON WALKER L.L.P.
>100 Congress Avenue, Suite 1100
>Austin, TX  78701
>512/236-2000
>512/236-2002 – FAX
>
>By: _____
>       Marilyn Brown
>       State Bar No. 24046460
>       E-Mail:  mbrown@jw.com
>
>**ATTORNEYS FOR DEFENDANT FARMERS NEW WORLD LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on September 14, 2017, a true and correct copy of this instrument was served via first-class mail, upon the following counsel of record:

Ed Rainey
1081 Cayman Bend
League City, Texas  77573

_____
Marilyn Brown

19038842v.2