Filed
8/10/2017 10:34 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NO. CV-0079432

| | | |
|---|---|---|
| DEBORAH ADUDDELL, DAVID FERGUSON, and ERIC FERGUSON, Plaintiffs | § § § § | IN THE COUNTY COURT |
| | § | Galveston County - County Court at Law No. 2 |
| V. | § § | NO. _____ |
| FARMERS NEW WORLD LIFE INSURANCE CO. and FARM BUREAU LIFE INSURANCE COMPANY Defendants | § § § § § | GALVESTON COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Deborah Aduddell, David Ferguson, and Eric Ferguson, Plaintiffs, and file this their Original Petition complaining about Farmers New World Life Insurance, Co. and Farm Bureau Life Insurance Company, Defendants, respectfully showing as follows:

#### I. Discovery Level

Plaintiffs intend to conduct discovery under Level 2 of Rule 193 of the Texas Rules of Civil Procedure.

#### II. Claim for Relief

Plaintiffs seek only monetary relief of $150,000 in damages of any kind, $450,000 in statutory and/or punitive damages, court costs, expenses, attorneys fees, pre- and post-judgment interest. Tex. R. Civ. P. 47(c)(1).

#### III. Parties and Service of Process

Plaintiffs, Deborah Aduddell, David Ferguson, and Eric Ferguson, are the adult children of the insured, Darrell Ferguson, and are the named beneficiaries of the life insurance policy at issue in this lawsuit. All Plaintiffs are residents of Texas and were residents of Texas during all times relevant to this lawsuit.

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

EXHIBIT A-1

Defendant, FARM BUREAU LIFE INSURANCE COMPANY, is a foreign for-profit corporation headquartered in Iowa, and doing continuous and systematic business in Texas, and is registered to conduct business in Texas. Farm Bureau Life Insurance Company may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218.

Defendant, FARMERS NEW WORLD LIFE INSURANCE COMPANY, 3003 77th Avenue SE Mercer Island, WA 98040-2890 is a wholly owned subsidiary of Farm Bureau Life Insurance Company and is the primary life insurance subsidiary of Farmers Group and operates under the Farmers Life brand. Farmers New World Life Insurance Company may be served with process through its registered agent, Chris Granger, 15700 Long Vista Drive Austin TX 78728 -3822.

### IV.   Jurisdiction and Venue

This court has jurisdiction over this lawsuit because all or most of the acts relevant to it occurred in Texas, the policy was marketed and sold in Texas to a Texas resident, and, finally, Defendants are foreign entities and at least one of the Plaintiffs resided in this county during all relevant times. Venue is appropriate in Galveston County because most or all of the events occurred in League City, Galveston County, Texas.

All conditions precedent have been performed or have occurred, and notice required by statute were submitted to Defendants, and such notice was acknowledged as received by Defendants employee who made misleading statements that a response would be forthcoming. Defendants never responded despite claims that they would do so.

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
       Denise Marsh

EXHIBIT A-1

### V. Facts

Defendant Farmers New World is a life insurance provider that is marketed by Farm Bureau Life Insurance Company's sales force, and is included as part of Farm Bureau's website. In 1999, Darrell Ferguson entered into a life insurance contract with Defendants by which he agreed to make monthly premium payments in return for Defendants' agreement to pay $150,000 to the named beneficiaries (his three adult children) if he died during the policy period. For approximately 17 years, Darrell Ferguson paid all of the monthly premium payments, mostly using automatic payments from his and his wife's bank account.

In late 2016, Darrell Ferguson's health deteriorated and he was hospitalized for a significant time period. In December 2016, the premium increased substantially on his policy and in his poor state of health, the premium was too high to cover without taking additional actions. According to Defendants, Darrell Ferguson had until on or about February 7, 2017 to pay the outstanding balance or his policy would lapse without the benefit of automatic reinstatement upon payment of the outstanding balance. If the payment was not received on or before that date, then Darrell Ferguson could be required to submit a medical exam and his premiums could rise according to the risk.

Darrell Ferguson's health continued worsening and he was unable to attend to his affairs, including handling matters relevant to his life insurance. On Friday, February 3, 2017, Darrell Ferguson's wife, Sharon, was concerned about losing the life insurance policy that had been in force since 1999, so she went to the offices of their Farmers agent, Ricardo Daniels, to make a payment sufficient to bring the account current or be automatically reinstated. To be sure that

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

EXHIBIT A-1

they paid the correct amount, Daniels' office contacted Farmers New World at its designated toll free number. Farmers claimed that everyone was in training so they could not give them the amount owing on the policy. The records of Farmers New World listed the policy as "in force," so Daniels told them to just come back the next week to make the payment. Unfortunately, Darrell Ferguson died that weekend. Sharon Ferguson again attempted to make the payment at Daniels' office after her husband had died, and the Farmers New World representative confirmed the policy was in force, and that she need not make a payment and they would deduct it from the policy proceeds.

## VI.   Vicarious Liability

Farmers agent, Ricardo Daniels, was an agent acting in the course and scope of his agency relationship, either directly or ostensibly, during all relevant times, and his actions, omissions and statements may be imputed to them.

## VII.   Causes of Action

### A. Unfair and Deceptive Acts or Practices by Farmers

Defendants engaged in unfair or deceptive acts or practices prohibited by Texas Insurance Code Section 541.051 by making misrepresentations to Sharon Ferguson for the purpose of inducing or that tended to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy. The following are the misrepresentations made by Farmers for the purpose of or that tended to induce the Fergusons to allow the policy to lapse:

1. That no one at Farmers could tell the Fergusons how much was owing so that they could automatically reinstate the policy;

2. That no one at Farmers could take payment that day;

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
                Denise Marsh

EXHIBIT A-1

3. On Farmers website, that if customers are unable to pay their premium online that they may call Consumer Solution at 1-888-327-6335 Mon – Fri 7:00 a.m. – 11:00 p.m. and Sat – Sun 8-8;

4. That the Ferguson's policy was actually in full force and effect, both orally and on its agent-accessed website. Indeed, the account summary for the Ferguson's account shows that the policy was not canceled until March 30, 2017. The agent's eCMS printout shows that policy as "In Force" as late as March 30, 2017, just as it did on February 3rd.

5. When Sharon Ferguson was at the Farmers' agent's office attempting to prevent the policy from lapsing by making full payment, Farmers and its agent remained silent when it should have informed the Fergusons of other alternatives including calling Consumer Solutions. The overall effect of Farmers telling the Fergusons their policy was in force still, and saying to come back the next week was taking away their opportunity to prevent the policy from lapsing. Neither Defendants nor their agent informed Sharon Ferguson that if Darrell Ferguson died before she made the payment, that the policy would permanently lapse. Moreover, Farmers caused the lapse by having no one working in their office on a Friday during office hours.

Farmers New World is also liable under Texas Insurance Code Sec. 541.061 for this occurrence. The following are the relevant provisions of that statute:

> MISREPRESENTATION OF INSURANCE POLICY. It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
>
> (1) making an untrue statement of material fact;

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

EXHIBIT A-1

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

**B. Unfair Claim Settlement Practices**

On or about February 7, 2017, when Sharon Ferguson returned to her agent's office to pay the outstanding balance as she had attempted to do the previous Friday, a claim for benefits was made on the policy. Farmers New World stated that the benefits would be paid and the premiums outstanding deducted from the disbursement. On March 29, 2017, however, Farmers denied the claim and on the following day cancelled the policy that still remained in full force and effect according to their own records through March 30, 2017.

Under Texas Insurance Code Sec. 542.003 an insurer may not engage in an unfair claim settlement practice, and includes the following relevant parts:

(b) Any of the following acts by an insurer constitutes unfair claim settlement practices:

(1) knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

(4) not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

(5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

Defendants' denial of claim for benefits is not attempting in good faith to effect a prompt, fair and equitable settlement of their claim even though liability is clear. Three months passed from the time notice detailing Defendants' liability was provided, and neither Defendant

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
      Denise Marsh

EXHIBIT A-1

bothered to respond despite stating that they would. Defendants compelled Plaintiffs to institute a suit to recover the amount due under the policy.

### C. Breach of Contract

Under the contract of life insurance, the Fergusons were entitled to automatic reinstatement of a lapsed policy if they paid the outstanding balance on or before February 7, 2017. The Fergusons followed the Farmers' instructions and acting on behalf of her husband, Sharon Ferguson went to their Farmers' agent's office to pay the outstanding balance and automatically reinstate the policy if it had lapsed. The Fergusons attempted to make payment during business hours, but Farmers claimed to be unavailable, and that the life insurance was in force. Relying on this information, Sharon Ferguson left without making any payment or taking any other steps to bring the policy current (if it actually was not).

### D. Fraud

Defendants and/or its agents made misrepresentations of material fact, either through commission or omission, to Darrell and Sharon Ferguson who acted in reliance on those misrepresentations and suffered material damages as a consequence.

## VIII. Damages

Plaintiffs are entitled to the full payment of the policy amount of $150,000. In addition, based on the bad faith of Farmers in denying the claim, misrepresentations made knowingly in the hopes the policy would lapse, and fraud, Plaintiffs are entitled to punitive damages in the amount of three times the actual damages, or an additional $450,000.

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

EXHIBIT A-1

### IX. Attorneys Fees

Defendants are liable to Plaintiffs for attorneys fees per the Texas Insurance Code and Texas Civil Practices & Remedies Code §38.002, et seq. Plaintiffs provided notice of the claims and made demand for payment, but Defendants did not respond. More than 60 days have lapsed since demand was made.

### X. Notice

Per Tex. R. Civ. P. 193.7, Plaintiffs hereby notify Defendants that any and all documents or things produced by them in discovery may be used against them in any pre-trial proceeding or at trial without authenticating the documents or things.

### XI. Request for Disclosure

Per Tex. R. Civ. P. 194, Plaintiffs request that Defendants disclose, within 50 days of this request, the information or material listed in Rule 194.2(a) – (l).

### Prayer

For these reasons, Plaintiffs respectfully pray that the Defendants be cited to appear and answer, and that upon final trial Plaintiffs be awarded all relief requested herein, including damages, punitive damages, statutory damages, attorneys fees, court costs, expenses, pre- and post-judgment interest at the maximum rate and duration allowed by law, and for such further and additional relief to which they are entitled.

Respectfully submitted,
/s/ Ed Rainey
Ed Rainey
TBN: 24000029

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Denise Marsh

EXHIBIT A-1

1081 Cayman Bend
League City, Texas 77573
832-492-8392
281-674-8150 fax
Raineylawfirm@yahoo.com
Attorney for Plaintiffs

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
   Denise Marsh

EXHIBIT A-1

Galveston County - County Court at Law No. 2

**CIVIL CASE INFORMATION SHEET**

CV-0079432

Filed 8/10/2017 10:34 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED **DEBORAH ADUDDELL, ET AL. V. FARMERS NEW WORLD LIFE INSURANCE, CO., ET AL.**

(e.g., John Smith v. All American Insurance Co, In re Mary Ann Jones, In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: I-J Rainey
Address: 1081 Cayman Bend Lane
City/State/Zip: League City, TX 77573
Email: raineylawfirm@yahoo.com
Telephone: 832-492-8392
Fax: 281-674-8150
State Bar No: 24000029

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Deborah Aduddell, David Ferguson, and Eric Ferguson
Defendant(s)/Respondent(s): Farmers New World Life Insurance, Co., and Farm Bureau Life Insurance Company

**Person or entity completing sheet is:**
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other

[Form sections for case type, procedure/remedy omitted – checkboxes including Contract, Injury or Damage, Real Property, Marriage Relationship, Family Law, Employment, Other Civil, Tax, Probate & Mental Health]

---

**COUNTY OF GALVESTON**

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
   Denise Marsh

**EXHIBIT A-1**

☒ Less than $100,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 2 in my office.

I hereby certify on September 13, 2017



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____Denise Marsh_____ Deputy

**EXHIBIT A-1**